**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 18-4485**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JEFFREY BERNARD SIMS, II,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:14-cr-00222-CCE-1)

Submitted: January 15, 2019                    Decided: February 5, 2019

Before NIEMEYER and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. Stephen Thomas Inman, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Sims, II, appeals the district court's order revoking his supervised release and sentencing him to 11 months in prison. Counsel has filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), claiming that the sentence is plainly unreasonable but stating that there are no meritorious issues for appeal. Although Sims was advised of his right to file a pro se brief, he has not filed such a brief. We affirm.

"We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013) (internal quotation marks omitted). Sims' sentence does not exceed the applicable statutory maximum. The remaining question is whether the sentence is plainly unreasonable.

"When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). "In making this determination, we follow generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). Only if we find a sentence to be procedurally or substantively unreasonable will we consider whether it is "plainly" so. *Id.* at 208.

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the . . . Chapter Seven policy statements

2

and the applicable 18 U.S.C. § 3553(a) [2012] factors." *Id.* at 207. "[A] revocation sentence is substantively reasonable if the court sufficiently state[s] a proper basis for its conclusion that the defendant should receive the sentence imposed." *Id.* (internal quotation marks omitted). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *United States v. Thompson*, 595 F.3d at 547 (internal quotation marks omitted).

We conclude that Sims' sentence is procedurally and substantively reasonable. The court correctly identified his policy statement range, considered relevant statutory factors, and gave sufficient reasons for the selected sentence. Among other things, Sims had repeatedly proven to be unable to abide by the terms of supervision, as evidenced by his ongoing use of marijuana. The court was concerned about Sims' breach of the court's trust and the nature of the release violations.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm. This court requires that counsel inform Sims, in writing, of the right to petition the Supreme Court of the United States for further review. If Sims requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Sims.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*